## Hall v. Hall

*Barry J. Cohen,* for plaintiff.
*Jerome P. Cheslock,* for defendant.

THOMSON, *J.,* June 23, 1981—The above matter has come before us on the request of defendant, Robert L. Hall, for termination of an order of sup-

port in favor of his wife, Doris I. Hall. The parties have been separated for several years, during the majority of which time defendant has cohabited with an unmarried woman, and plaintiff had engaged in a number of acts of adulterous conduct with one male, and, since August 1980, had cohabited with another.

At issue is the effect of the adulterous conduct of the parties hereto on the wife-plaintiff's right to support from defendant-husband. It has now been established that the mere fact of a wife's adultery will not bar her from obtaining support from her husband, when the husband has also been guilty of adulterous conduct: Hellman v. Hellman, 246 Pa. Superior Ct. 536, 371 A. 2d 964 (1977). However, proof of the paying spouse's adultery will not automatically warrant the entry of a support order: Com. ex rel. D'Andrea v. D'Andrea, 262 Pa. 302 (1978). The termination of an order of support under such circumstances lies within the discretion of the court, and depends upon the equities of the case: Hellman, supra.

Whatever difficulties have risen within the interpretation of Hellman since its outset, we find nothing therein, or in its progeny, that would warrant the continuation of the support order herein. Unlike a situation such as that presented in Com. ex rel. Carmack v. Carmack, 268 Pa. Superior Ct. 198, 407 A. 2d 1314 (1979), where the court sought to balance the right to support of a wife guilty of adultery on two occasions against the prior conduct of the husband who had been involved in an ongoing adulterous relationship for a period of two years, we find that the aforesaid conduct of the parties does not invoke a finding that the paying spouse's misconduct has been substantially greater than that of the receiving spouse. The parties have each willing by and freely chosen to live as if they

were single persons. Hence, under the analysis of the above cases, we feel that the wife herein has forfeited her right to support from her husband.

We will enter herewith the following

## ORDER

And now, June 23, 1981, the request for termination of a support order of the said Robert L. Hall is hereby granted, and the said order is hereby terminated, subject to the payment of arrearages to December 11, 1980.